```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

MARSEILLES HOMEOWNERS            *         CIVIL ACTION
CONDOMINIUM ASSOCIATION

VERSUS                           *         NO: 08-1061

CHARLES FONTENELLE, ET AL        *         SECTION: "D"(5)

## ORDER AND REASONS

Before the court is the **"Motion to Remand and for Attorney's Fees" (Doc. No. 6)** filed by Plaintiff, Marseilles Homeowners Condominium Association, Inc. (Marseilles). Defendants, Charles Fontenelle and Insurance Underwriters, Ltd., filed a memorandum in opposition. The motion, set for hearing on Wednesday, March 12, 2008, is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the court now rules.

## I.  Background

The underlying state court petition, *Marseilles Homeowners Condominium Association, Inc. v. Charles Fontenelle, Insurance Underwriters, Ltd., James D. Branham, Daniel Branham and Colonial Claims Corporation*, was filed on September 25, 2007, in the Civil

District Court for the Parish of Orleans, State of Louisiana.[1]  The matter was **first removed** to this court by Defendants, James D. Branham, Daniel Branham and Colonial Claims Corporation on the basis of federal jurisdiction under the National Flood Insurance Program, and diversity jurisdiction (with the allegation that Defendants Charles Fontenelle and Insurance Underwriters were improperly joined).[2] (*See* Docket No. 07-7938, Doc. No. 1, Removal papers).  Marseilles subsequently filed a Notice of Voluntary Dismissal as to the removing Defendants (James D. Branham, Daniel Branham and Colonial Claims Corporation), and a Motion to Remand.  (No. 07-7938, Docs. Nos. 4 & 5).  Without reaching the issues of the National Flood Insurance Program and fraudulent joinder as bases for jurisdiction, this court granted the Motion to Remand as *unopposed*.  (*Id.*, Doc. No. 6, entered on 12/20/07).

After remand, Marseilles perfected service of process on

---

[1] Marseilles initially filed a separate suit in federal court against its flood insurer, Fidelity National Insurance Company, seeking Hurricane Katrina related damages.  (*See* Docket No. 06-4531).  This court ultimately dismissed Marseilles claims on Fidelity's Motion for Summary Judgment, because the court found that Marseilles failed to file a sworn proof of loss as required by the Standard Flood Insurance Policy and the National Flood Insurance Program.

In the instant case (No. 08-1061), Fidelity is not a Defendant.

[2] The removing defendants attached to their removal papers a letter written by counsel for Defendants Fontenelle and Insurance Underwriters, confirming that these Defendants consented to removal on the basis that they were improperly joined. (*See* No. 07-7938, Doc. No. 1, Ex. E, also attached to Plaintiff's instant memorandum in support of Motion to Remand as Ex. 3).

Defendant Charles Fontenelle.[3]  Defendant Insurance Underwriters had already been served on September 28, 2007.[4]  (*See* Ex. 1, attached to Plaintiff's memorandum in support of Motion to Remand). On February 19, 2008, Defendants Charles Fontenelle and Insurance Underwriters, Ltd., **removed** the matter for the **second** time and it was assigned the instant Docket No. 08-1061.  The ground for removal is federal question subject matter jurisdiction based on the National Flood Insurance Program.  Marseilles now moves to remand the case (again) on the grounds that removal was untimely and there is no basis for federal question jurisdiction under the National Flood Insurance Program.

## II.  **Legal Analysis**

Pursuant to the procedural requirements of the removal statute,

> The notice of removal of a civil action or proceeding shall be filed **within thirty days** after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding s based, or within thirty days after the service of summons upon the Defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant,

---

[3] Defendant Fontenelle asserts that he was served on January 23, 2008.  (*See* Doc. No. 11, Opp. Memo. at p. 1).  While there is no evidentiary support for this assertion, Plaintiff does not dispute it.

[4] Defendant Insurance Underwriters asserts that it was served on October 2, 2007, but there is no evidentiary support in the record to support this assertion.

3

> whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §1446(b)(emphasis added).

Here, the removing Defendants argue that removal (on February 19, 2008) was timely because it was within thirty days of service on Defendant Fontenelle (January 23, 2008). But removal was **not** within thirty days of service on Defendant Insurance Underwriters (September 28, 2007). Under Fifth Circuit jurisprudence,

> [i]n cases involving multiple Defendants, the thirty-day period begins to run as soon as the first Defendant is served (provided the case is then removable).

*Getty Oil Corp. v. Ins. Co. of America*, 841 F.2d 1254, 1263 (5th Cir. 1988).

Thus, the court finds that the instant removal was not timely, because it was not made within thirty days of service on Defendant Insurance Underwriters (the first served Defendant).[5] And

---

[5] The court also notes that Defendant Insurance Underwriters had been served when this matter was first removed by Defendants James D. Branham, Daniel Branham and Colonial Claims Corporation. And, while Insurance Underwriters was represented by counsel at the time of the first removal (in No. 07-7938),

Defendants have cited the court no legal authority to support a finding that Defendant Fontenelle's receipt of service (purportedly on January 23, 2008, after the initial remand in No. 07-7938) is a new fact or event which would afford Defendants an additional thirty days within which to once again remove this matter (No. 08-1061).

Finally, the facts of this case do not fall within those circumstances where a subsequent removal after remand has been allowed.[6] Defendant Fontenelle, while apparently unserved at the time of the first removal (in No. 07-7938), consented to that removal through his attorney, on the basis of improper joinder. And while that first removal was *also* based on the same federal question jurisdiction (related to a flood policy under the National Flood Insurance Program) that Defendants Fontenelle and Insurance Underwriters assert in this second removal,[7] these Defendants do

---

Insurance Underwriters consented to the removal (based on improper joinder) but did not join in the removal based on federal question jurisdiction. Further, Insurance Underwriters did not file an opposition to Plaintiff's first Motion to Remand (in No. 07-7938).

      6      In *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996), the Fifth Circuit instructed:

> As a general rule, once a case is remanded to state court, a Defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.

*Id*. at 492 (italics in original, notation omitted).

      7      *Id.*

5

not allege a different factual basis for seeking this second removal.[8]

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED**, remanding this matter to the Civil District Court for the Parish of Orleans, State of Louisiana; and

---

[8] In the Notice of Removal filed in No. 07-7938, the removing Defendants alleged in part:

> 6. Plaintiff alleges as paragraphs 24-27 and 34-37 of the Petition that Fontenelle and Insurance Underwriters assisted in making a claim under its flood policy with Fidelity National, that those Defendants had a duty to advise Marseilles of the obligations under the Policy for the insurer to afford coverage and that those Defendants breached their duty, and that those Defendants should have known that a sworn proof of loss was required under the SFIP, and that Marseilles suffered damage from the alleged breach.

(*See* No. 07-7938, Doc. No. 1 at ¶6).

In the instant removal (based on federal question jurisdiction related to the interpretation of the National Flood Insurance Acton), Defendants Fontenelle and Insurance Underwriters allege in part:

> 5. The Condominium Association alleged in its September 25, 2007 petition that it retained Fontenelle and/or Insurance Underwriters to serve as its agent and/or broker. The Association further alleged the Defendants helped to file its flood claim. (Petition, para. 24). The Association alleged that Fontenelle, acting on its behalf, and/or Insurance Underwriters procured for the Association a flood insurance policy ... issued by Fidelity ....

(*See* No. 08-1061, Doc. No. 1 at ¶5).

The court further notes that Plaintiff argues (in its Reply Memorandum) that: "While this matter does not involve procurement of a flood insurance policy, it also does not require interpretation of the flood insurance policy." (Doc. No. 14-3, p. 2).

Because the court is remanding this case because removal was untimely, it does not reach the issue of federal question jurisdiction and whether this matter involves interpretation of the National Flood Insurance Act.

**IT IS FURTHER ORDERED** that the Plaintiff's Request for Attorney's Fees and Costs (incorporated in its Motion to Remand) be and is hereby **DENIED** because based on the circumstances of this case and its history, the court cannot conclude that the Defendants lacked an objectively reasonable basis for the removal.

New Orleans, Louisiana, this **18th** day of **March**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE